UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HAIKEL GSOURI and JEFFERY GIBBS,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>FARWEST STEEL CORPORATION, an Oregon corporation,<br><br>　　　　　　Defendant. | CASE NO. C10-5769BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO SEVER |

This matter comes before the Court on Defendant's Motion to Sever (Dkt. 13). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On September 15, 2010, Plaintiffs Haikel Gsouri ("Gsouri") and Jeffery Gibbs ("Gibbs") filed a complaint in state court against Defendant Farwest Steel Corporation ("Farwest") alleging violations of the Washington Law Against Discrimination, RCW 49.60 *et seq.*, and 42 U.S.C. § 1981. Dkt. 1, Exh. A. On October 20, 2010, Farwest removed the action to this Court. Dkt. 1.

On March 16, 2011, Farwest filed a Motion to Sever. Dkt. 13. On March 28, 2011, Plaintiffs responded. Dkt. 16. On April 1, 2010, Farwest replied. Dkt. 18.

ORDER - 1

## II.  FACTUAL BACKGROUND

In June 2006 Gibbs was hired as a production worker in Farwest's Vancouver plant. Dkt. 14, Declaration of Kevin Peterson ("Peterson Decl."), ¶ 2. Gibbs asserts that he is African American and alleges that he experienced "ongoing racial harassment over [his] period of employment with [Farwest]." Dkt. 17, Declaration of Gregory D. Ferguson ("Ferguson Decl."), Exh. B ("Gibbs Decl."), ¶ 2. Gibbs asserts that his race "complaints were made to shop manager, Terry Grier, and Managers Jeff Estep and Al Webster." *Id.*, ¶ 7. He also asserts that he "complained as high up the management chain as [he] could go, eventually meeting with Human Resources Manager, Kevin Peterson and a Branch Manager named 'Perry.'" *Id.*, ¶ 9. Gibbs tendered his two-week notice of resignation on May 15, 2008. Peterson Decl., ¶ 7.

After Gibbs's resignation, Farwest's management undertook an investigation which concluded in June 2008. *Id.*, ¶ 7. Several of Gibbs's co-workers were interviewed about the working conditions, including Goldfinch, Homero Anguiano Alcazar, Lincoln Smith, Robert Byfield, Michael Deeley, Brad French, Joseph Gresko, Gsouri, David Hall, J.P. Katims, Celerio, Kyle Plourd, Alan Webster, Eleazar Mendoza, and Shawn Johnson. *Id.*

Gsouri was initially a temporary worker in Farwest's Vancouver plant and was hired as a regular production employee in March 2008. *Id.*, ¶ 8. Gsouri asserts that he is Muslim. Ferguson Decl., Exh. G. Gsouri made the following two complaints of racial mistreatment during his employment:

> 1. On September 17, 2009, Mr. Gsouri submitted a formal complaint letter about his supervisor, Gil Estep. Mr. Gsouri complained, among other things, that Estep called him a "terrorist" and "hijacker." *Id.*
> 2. On November 9, 2009, Mr. Gsouri submitted a second complaint letter, this time accusing Gil Estep of retaliation. Specifically, Mr. Gsouri accused Gil Estep of removing him from a shear machine. Ferguson Decl., Exh. H.

On November 16, 2009, Kevin Peterson terminated Gousri's employment based on a safety infraction.  Peterson Decl., ¶ 15.

### III.  DISCUSSION

Under Federal Rule of Civil Procedure 20, joinder is proper if (1) the plaintiffs assert a right to relief arising out of the same transaction and occurrence and (2) some question of law or fact common to all plaintiffs will arise in the action. *See* Fed. R. Civ. P. 20(a); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000).  Under Federal Rule of Civil Procedure 21, a court may sever any claim against a party on "just terms."  Fed. R. Civ. P. 21.  A court may, in its discretion, sever a trial under Rule 21, even if the parties are properly joined under Rule 20(a). *See United States v. O'Neil*, 709 F.2d 361, 369 (5th Cir. 1983).

In this case, Farwest argues that Plaintiffs' claims do not arise out of the same transaction or occurrence.  Dkt. 13 at 5.  Plaintiffs counter that, if the "source" of the discrimination is the same, then the claims are tied together by a "pattern of practice of discrimination" and joinder is proper.  Dkt. 16 at 5 (citing *Mosley v. General Motors Corporation*, 497 F.2d 1330, 1333 (8th Cir. 1974)).  The problem with this argument, however, is that Gibbs alleges discrimination by co-workers whereas Gsouri alleges discrimination by his supervisor.  Moreover, Gsouri's first complaint regarding discrimination was made almost sixteen months after Gibbs resigned.  Therefore, the Court finds that joinder is not proper because Gibbs and Gsouri's claims do not arise from the same transaction or occurrence

Even if the Court found that joinder was permitted, the Court concludes that severance is appropriate under Rule 21.  Gibbs asserts racial discrimination by co-workers and constructive discharge.  On the other hand, Gsouri asserts national origin discrimination and retaliation by his supervisor.  Although each Plaintiff may call the same fact witnesses, the witnesses would provide testimony of different facts for each

Plaintiff. Farwest would be prejudiced by the possibility of the jury aggregating the alleged instances of discrimination and clouding impartial judgment as to each cause of action. Therefore, the Court finds that Farwest has shown that just terms support severance of Gibbs's and Gsouri's claims.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that Defendant's Motion to Sever (Dkt. 13) is **GRANTED**. The Clerk of Court shall establish separate docket numbers for each of the cases.

DATED this 12th day of May, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4