UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HAIKEL GSOURI,

        Plaintiff,

    v.

FARWEST STEEL CORPORATION, an Oregon corporation,

        Defendant.

CASE NO. C10-5769BHS

ORDER DENYING STIPULATED PROTECTIVE ORDER

This matter comes before the Court on the parties' Stipulation and Proposed Protective Order (Dkt. 28). The Court has considered the pleading filed in support of the proposed order and the remainder of the file and hereby declines to enter the proposed order as an order of the Court for the reasons stated herein.

The parties request an expansive protective order for all confidential information that may be disclosed during the discovery phase of this proceeding. Dkt. 28 at 3. The parties have agreed to designate as "Confidential" a party's "financial records and other confidential business information pertaining to net worth, income or financial condition." *Id.*

The Court need not enter the stipulation as an order of the Court because (1) the proposed order contains provisions that are more appropriate for an agreement between the parties instead of an expansive protective order and (2) the attorneys for both parties

ORDER - 1

have executed the agreement. Moreover, the parties have already been ordered to redact dates of birth, social security numbers, and financial accounting information pursuant to the General Order of the court regarding Public Access to Electronic Case Files. *See* Dkt. 12 at 3. If a party chooses to submit confidential documents to the Court, the party may file a motion to seal the material pursuant to Local Rule CR 5(g) and note the motion according to Local Rule CR 7(d)(2). "The law requires, and the motion and the proposed order shall include, a clear statement of the facts justifying a seal and overcoming the strong presumption in favor of public access." Local Rule CR 5(g)(2); *see also Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289 (9th Cir. 1986). If the party that chooses to submit the material is not the party that designated the material "confidential," it may state so in the motion to seal and, in the response, the designating party may articulate facts in support of sealing the submitted material.

If a party seeks protection from the public disclosure of any material after unsuccessfully obtaining agreement for such protection from all parties, such party may apply to the Court for relief. However, when disagreements arise, it is important to adhere to the requirement of a "good faith" effort "to resolve the dispute without court action." *See* Fed. R. Civ. P. 26 and 37.

Therefore, it is hereby

**ORDERED** that the parties' Stipulation and Proposed Protective Order (Dkt. 28) is **DENIED**.

DATED this 27th day of July, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 2