UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HAIKEL GSOURI,

          Plaintiff,

   v.

FARWEST STEEL CORPORATION, an Oregon corporation,

          Defendant.

CASE NO. C10-5769BHS

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO COMPEL

This matter comes before the Court on Plaintiff Haikel Gsouri's ("Gsouri") motions to compel (Dkts. 20 & 22). The Court has reviewed the briefs filed in support of and in opposition to the motions and the remainder of the file and hereby grants in part and denies in part the motions for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL HISTORY

On September 15, 2010, Gsouri filed a complaint in state court against Defendant Farwest Steel Corporation ("Farwest") alleging violations of the Washington Law Against Discrimination, RCW 49.60, *et seq.*, and 42 U.S.C. § 1981. Dkt. 1, Exh. A. On October 20, 2010, Farwest removed the action to this Court. Dkt. 1.

During discovery, Gsouri propounded certain interrogatories and requests for production to Farwest. Gsouri sought information regarding manager and employee training, employee complaints, other similarly situated employees ("comparators"), and other acts of discrimination. Dkt. 20 at 5-6. The discovery requests at issue are requests for production 6, 7, 12, 13, and 19 and interrogatories 4, 5, and 8. *Id*. Farwest initially responded to these discovery requests and, on June 11, 2011, provided supplemental

ORDER - 1

responses and objections. Dkt. 21, Declaration of Mark A. Crabtree, Exh. A ("Farwest's Supp. Resp.").

On June 30, 2011, Gsouri filed a motion to compel. Dkt. 20. On July 5, 2011, Gsouri filed a second motion to compel. Dkt. 22. On July 15, 2011, Farwest responded to the first motion to compel. Dkt. 26. On July 15, 2011, Gsouri replied. Dkt. 29.

## II. DISCUSSION

**A.    Motion to Compel**

Federal Rule of Civil Procedure 26 governs discovery and provides, in part, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).

If a party fails to answer an interrogatory or a request for production or objects, the requesting party may move to compel disclosure. Fed. R. Civ. P. 37(a)(3)(B). The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

**1.    First Motion**

In Gsouri's first motion to compel, Gsouri claims that Farwest has failed to respond to Gsouri's requests for production 6, 7, 12, 13, and 19 and interrogatories 4, 5, and 8. Dkt. 20 at 5-6. The Court will address each discovery request.

With regard to Gsouri's request for production 6, Farwest responded that it "will produce any responsive documents in its possession, custody or control." Farwest's Supp.

ORDER - 2

Resp. at 15. It is unclear from Gsouri's briefs that Farwest has failed to answer or objected to the production of any document responsive to this request. Therefore, the Court denies Gsouri's motion on this issue because Gsouri has failed to show that his motion to compel on this discovery request was necessary.

With regard to Gsouri's request for production 19 and interrogatory 8, Farwest provided an answer to the interrogatory and asserted that it does not possess any document that is responsive to the request for production. Farwest's Supp. Resp. at 27-28. Therefore, the Court denies Gsouri's motion on these issues because Gsouri has failed to show that his motion to compel on these discovery requests was necessary.

With regard to Gsouri's request for production 7, Gsouri requested that Farwest "[p]roduce all documents recording or memorializing any Defendant employee complaints, formal or informal, of harassment, discrimination or retaliation from January 1, 2005 to the present." *See* Dkt. 20 at 6. Farwest responded that it would "produce responsive documents limited to Defendant's Vancouver, Washington facility." Farwest's Supp. Resp. at 17. Farwest argues that "it is inherently appropriate to limit this request to the Vancouver facility" and cites cases for the proposition that discovery should be limited to the discrete unit of the company where Gsouri worked. Dkt. 26 at 4. Farwest, however, has failed to meet its burden to show that Gsouri's discovery should be limited to the Vancouver facility. The decision to fire Gsouri was made by Farwest's director of human resources, Kevin Peterson. Dkt. 14, Declaration of Kevin Peterson ("Peterson Decl."), ¶ 2. Mr. Peterson also declared that he was aware of Gsouri's discrimination complaints, retaliation complaints, and Gsouri's safety violations when he opted to terminate Gsouri's employment. *Id.*, ¶¶ 14-15. Farwest has failed to show that company wide complaints of harassment, discrimination or retaliation would not lead to admissible evidence when the head of its human resource department was involved in the investigation of Gsouri's

complaint and ultimately made the decision to terminate Gsouri's employment. Therefore, the Court grants Gsouri's motion to compel as to request for production 7.

With regard to request for production 12 and interrogatory 4, Gsouri requests information regarding work place injuries or any "near miss" and Farwest's response to the incidents. *See* Dkt. 20 at 6. Farwest responded that it would produce relevant information subject to the time period restriction of March 1, 2009 to present and the location restriction of the Vancouver facility. Farwest's Supp. Resp. at 20-21. As stated above, Farwest has failed to show that the location restriction is appropriate in this case. Moreover, Farwest has provided no argument for its proposed time period restriction. Therefore, the Court grants Gsouri's motion to compel as to request for production 12 and interrogatory 4.

With regard to request for production 13 and interrogatory 5, Gsouri requests information regarding Farwest employees that were counseled or disciplined because of drug or alcohol use. *See* Dkt. 20 at 6. As stated above, Farwest placed time and location restrictions on the production of this information. Farwest's Supp. Resp. at 21-22. Farwest has failed to meet its burden to show that these restrictions are appropriate. Therefore, the Court grants Gsouri's motion to compel as to request for production 13 and interrogatory 5.

### 2. Second Motion

In Gsouri's second motion, he moves the Court for an order requiring Farwest to produce information regarding its financial condition and net worth. Dkt. 22. Farwest failed to respond and has failed to meet its burden on showing why Gsouri's request is inappropriate. Therefore, the Court grants Gsouri's second motion to compel.

### B. Attorney's Fees

If the Court grants a motion to compel, it "must require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in

making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  Gsouri may submit a brief regarding its reasonable expenses no longer than 5 pages, no later than August 17, 2011.  Farwest may respond no later than August 26, 2011.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Gsouri's motions to compel (Dkts. 20 & 22) are **GRANTED in part** and **DENIED in part** as stated herein.  The parties may file briefs regarding reasonable expenses as set forth above.

DATED this 8th day of August, 2011.

_____
BENJAMIN H. SETTLE
United States District Judge